UNDER a rule of this Court, Referrees reported, " that the ſum of £.75. *was due the 3d. of March laſt*, with intereſt on the ſame". The time mentioned was ſeveral months before the meeting of the Referrees ; and, on motion, THE COURT ſet aſide the report for the uncertainty ; asthere might have been a ſum due on the 3d. of *March*, and nothing due at the time of making the report.

### GERARD *verſus* BASSE *et al.*

THE defendants declining in their circumſtances, and being much preſſed by their creditors, *Baſſe* fled, and *Soyer* was impriſoned at the ſuit of the Plaintiff. During his confinement, he executed a bond and warrant to confeſs judgment, to which there was *one* ſeal, and the ſignature was in this form, " *John Abraham Soyer* for *Baſſe & Soyer.*" .

And now a motion was made to ſet aſide the judgment, at the inſtance of the creditors in general, in order that an equal diſtribution might he made of the effects under a domeſtic attachment, which had iſſued againſt *Baſſe* and *Soyer*.

*Sergeant* and *Moylan*, in ſupport of the motion, argued, that the bond was a payment of the debt in the eye of the law ; and that

although

although *Baſſe* was liable to *Soyer's* action for a contribution, yet not having ſigned the warrant, he was not ſubject to the execution of *Gerard*, the plaintiff. 2 *Black. Com.* 295. 3 *Bac. Abr.* 590. 2 *Bac. Abr.* 227, 358. 2 *Vern.* 293. 2 *Ch. Caſes.* 228. They ſaid, that the execution of deeds was not to be regulated by, nor does the effect of them depend upon, a particular cuſtom of Merchants; but they are derived from a ſuperior ſource, to wit, the law of the land; and they inſiſted that *Baſſe* not having joined in the warrant, the judgment, being joint, muſt fall to the ground. 2 *Black. Rep.* 294. *Shep.* 69.

*Ingerſol*, in ſupport of the judgment:—It is regularly true, that, according to 3 *Bac. Abr.* 611. one merchant may bind his partner, by accepting a bill drawn on both. If, then, in ſubſtance, the act of one obliges the other, what difference ariſes from the circumſtance of the delivery not being formally executed? That queſtion was agitated in the caſe of *M'Kim vs. M'Farlan:* there *Levinz* indorſed a note of *M'Farlan's* to *M'Kim*; but being indebted to *M'Farlan*, he thought it proper to give him previous notice of the tranſaction, and, accordingly, threw the note into his deſk with that deſign. During his abſence, *M'Kim*, who had given a valuable conſideration for the note, perſuaded *Mrs. Levinz* to give it up to him, and afterwards ſued *M'Farlan* upon it, who grounded his defence upon this, that the note was never delivered over.

*Sergeant.* Improper and falſe ſuggeſtions were uſed to induce *Mrs. Levinz* to deliver the note.

*Ingerſol.* True: but the point in diſcuſſion was the delivery; and the jury found for the plaintiff.—*Cowp* 206. Any proof of intention to aſſent to a delivery is ſufficient;—no particular mode of action, no form of expreſſion, are neceſſary. The preſent queſtion, however, is, whether the Court will confirm the judgment as to the partner who ſealed the warrant, and vacate it as to the other. The adverſe Counſel have cited 2 *Bac. Abr.* 227. 358. to ſhew that the judgment, being an entire thing, muſt be wholly ſet aſide, if at all. But this doctrine is fully refuted by 1 *Cro.* 322. 2 *Black. Rep.* 1133. With reſpect to the warrant's being executed while *Soyer* was in priſon, it may be obſerved, that an Attorney was preſent; and in *Sluyter's* caſe, the Court determined that it was not neceſſary the Attorney ſhould be for the party; but that it was enough if the buſineſs was fairly tranſacted in the preſence of an Attorney. Here neither fraud nor violence are ſuggeſted.

*Lewis*, on the ſame ſide, ſtated two queſtions: 1ſt. Whether, upon the facts, this judgment can be ſet aſide as to both *Baſſe* and *Soyer*; and 2d. Whether it can be ſet aſide as to one, and continued againſt the other?

1ſt. *Point.* As this was a joint debt, juſtice naturally requires that the judgment ſhould be confirmed; and it being admitted, that a contract not under ſeal made by one, would bind both partners, we alledge that the ſeal creates no difference, for the *cauſa contractû*

*tractu* is the fole criterion. Seals are of the fame effect in *Lex Mercatoria* as at *Common-law :* and there is no authority to maintain the oppofite doctrine; for, *Shep.* 69. is not the cafe of joint contractors. The books in general, where they fpeak of the obligation impofed on one partner by the contract of another, mention only notes, and whether under feal or not, is not diftinguifhed. When we declare upon them, we alledge the fubfcription of both partners, though, in fact, one only fubfcribes. Therefore, and becaufe delivery is no farther neceffary than as evidence of paffing the intereft, the firft point feems determined in the negative.

*2d. Point.* He obferved that the feveral authorities quoted on the other fide, were drawn from writs of error; and, as this record could not appear in its prefent form, if carried into a Superior Court, he inferred, that either the authorities were not applicable, or the record was to be confidered upon the ground of a removal by writ of error: and in that cafe for error *dans le record,* the judgment muft be wholly reverfed; but when the error is *debors,* the judgment may be reverfed in part, and confirmed in part. 1. *Leon.* 317. *Cro. E.* 115. 3 *Lev.* 36. *Moore* 564. Befides, he contended, that the releafe of errors, contained in the warrant of Attorney, purges and protects whatever might be deemed irregular with refpect to *Soyer* ; although it may not be fufficient to fet up a void proceeding againft *Baffe.* 2 *Stra.* 1215. 3 *Mod.* 109. 6 *Co.* 25. *(a)*

*Sergeant,* in reply, made three points ; 1ft. That the bill of one binds both from the neceffity of trade ; but that the neceffity does not extend, nor does the rule exift, in the cafe of deeds, and other fpecialities. 2d. That a judgment cannot be fet afide in part, or againft one only of the defendants. Where, indeed, the different parts of the judgment are, in their nature feparable, as in fines and common recoveries, mere modes of affurance, it may be done ; and to thofe cafes only the adverfe authorities are confined. 2 *Bac. Abr.* 569. explains the mode of reverfing judgments ; and 2, *Bac. Abr.* 227. is fo full upon the impartibility of judgments, that it cannot be too often infifted upon, in the prefent cafe. 2 *Black. Rep.* 1131. contains the fame doctrine. 3d. The releafe of errors muft be confidered under the diftinction in 3 *Mod.* 109. which fhews that where divers *are to recover* in the perfonality, the releafe of one is a bar to all, but it is not fo in point of *difcharge.* 6 *Co.* 25, *(a)* is explicit, that, where two, or more, are charged jointly, if they bring a writ of error to difcharge themfelves, the releafe of one cannot bar the other ; for, they have not any intereft or benefit, but a joint charge and burthen, which cannot be difcharged or releafed, unlefs by the plaintiff who has the intereft and benefit of it. If, therefore, *Soyer's* releafe does not difcharge the error, he concluded, that for the other reafons, the judgment muft be fet afide.

The PRESIDENT delivered the unanimous opinion of the Court, to the following effect.

SHIPPEN, *Prefident.*—There can be no doubt that in the courfe of trade, the act of one partner, is the act of both. There is a cur-

Q

1784.

tual authority to that purpofe, mutually given by entering into partnerfhip; and in every thing that relates to their ufual dealings, each muft be confidered as the attorney of the other.* But this principle cannot be extended further, to embrace objects out of the courfe of trade. It does not authorize one to execute a deed for the other; this does not refult from their connection as partners; and there is not a fingle inftance in the books which can countenance fuch an implication.

In the cafe before the Court, there is no difpute that the debt is not *bona fide* due to the plaintiff. Nor can there be any, with refpect to the validity of the warrant, againft the perfon who has actually fealed it. Whatever, therefore, may be the fate of the judgment againft *Baffe*, we are, unanimoufly, of opinion, that it is, in every point of view, binding upon *Soyer*: And in conformity to the authority in 1 *Black. Rep.* 1133. (where the Court granted a rule to ftrike out the name of an infant, after judgment was entered, upon a warrant executed by him and another) we now give the plaintiff leave to ftrike out the name of *Baffe*; and the judgment againft *Soyer* will remain.

Accordingly, judgment fet afide as to *Baffe*, and confirmed as to *Soyer*.

---

* See poft in S. C. *Whitehead* vs *Tillier*.